Garo Mardirossian, Esq., #101812
garo@garolaw.com
Armen Akaragian, Esq., #242303
aakaragian@garolaw.com
**MARDIROSSIAN & ASSOCIATES, INC.**
*A Professional Law Corporation*
6311 Wilshire Boulevard
Los Angeles, CA 90048-5001
Telephone (323) 653-6311
Facsimile (323) 651-5511

Thomas E. Beck, Esq., #81557
becklaw@earthlink.net
**THE BECK LAW FIRM**
10377 Los Alamitos Boulevard
Los Alamitos, CA 90720
Telephone (562) 795-5835
Facsimile (562) 795-5821

Attorneys for Plaintiff

FILED
2011 AUG 19 PM 3:28
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VETH MAM,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF FULLERTON; MICHAEL SELLERS, Chief of Police individually and as a peace officer; KENTON HAMPTON #1337, individually and as a peace officer; FRANK NGUYEN #1307, individually and as a peace officer; JONATHAN W. MILLER #1350, individually and as a peace officer; DANIEL SOLORIO #1086, DOE REYNOSO # UNKNOWN, DOES 1-10,<br><br>    Defendants. | Case No.: SACV11-1243-JST (mLGx)<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights (42 U.S.C. § 1983)<br><br>2. *Monell* Claim (42 U.S.C. § 1983)<br><br>3. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2))<br><br>4. Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3))<br><br>5. Failure to Intervene (42 U.S.C. § 1986)<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

<mark>Case 8:11-cv-01242-JST -MLG   Document 1    Filed 08/19/11   Page 2 of 20   Page ID #:2</mark>

## JURISDICTION

1. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times herein mentioned, Plaintiff VETH MAM was a resident of the County of Los Angeles, City of Baldwin Park, of Cambodian descent.

2. At all times herein mentioned, Defendants MICHAEL SELLERS, Chief of Police individually and as a peace officer, KENTON HAMPTON #1337, individually and as a peace officer, FRANK NGUYEN #1307, individually and as a peace officer, JONATHAN W. MILLER #1350, individually and as a peace officer, DANIEL SOLORIO #1086, DOE REYNOSO # UNKNOWN, DOES 1-10, inclusive and each of them, were employees of the City of Fullerton and the Fullerton Police Department. Defendant SELLERS is and all relevant times, the highest ranking law enforcement policymaker for the City of Fullerton.

3. Defendant CITY OF FULLERTON (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of Defendant Fullerton City Police Department, (FPD) and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records

<mark>- 2 -</mark>

maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

4. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

5. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

6. The incidents complained of began in the City of Fullerton, Saturday October 23, 2010. At approximately 2:00 a.m., Plaintiff MAM witnessed Fullerton PD officer JONATHAN MILLER interacting with Sokha Leng in the area of 100 West Amerige Avenue. Plaintiff MAM began to video record what MILLER was doing to Leng. Defendant HAMPTON witnessed MAM filming MILLER's abusing Leng and attacked MAM, knocking the video recorder from MAM's possession to prevent video evidence adverse to MILLER from being captured. MAM was seized by HAMPTON as MAM's video recorder was picked up by another person (TIM) who continued to film HAMPTON's seizure of MAM, MILLER's abuse of Leng and the arrival of Defendants NGUYEN, SOLORIO and REYNOSO. MAM was transported to the Fullerton Police Department without having committed any public offense and without consent.

To corruptly justify MAM's arrest, and further to shield HAMPTON's wrongful assault of MAM, Defendants MILLER, FRANK NGUYEN, DANIEL SOLORIO, DOE REYNOSO and DOES 1-10 conspired to write and file willfully false crime and arrest reports intentionally omitting HAMPTON's involvement with MAM entirely. In furtherance of this conspiracy, NGUYEN wrote a report in which he falsely

claimed to have arrived at the scene to assist MILLER and witnessed Plaintiff MAM "jump on Officer Miller's back" and "wrap his hands around Officer J. Miller's neck and tried to choke him" and in defense of MILLER, NGUYEN claimed he pulled MAM off Miller's back and pushed MAM away, knowing NGUYEN and his partner had not yet arrived on the scene when MAM was assaulted by HAMPTON and that MAM at no time jumped on Miller's back or attempted to choke Miller or in any unlawful manner assist Leng.  In furtherance of the conspiracy to justify MAM's seizure and assault by HAMPTON, and to support the suppression of HAMPTON, Defendant SOLORIO wrote a police report in which he falsely claimed he'd witnessed Defendant NGUYEN take MAM into custody with Defendant REYNOSO for allegedly attacking MILLER.  For his part, HAMPTON filed a police report in which he completely omitted his assault and arrest of MAM, claiming to have arrived on scene with Corporal Contino in time to witness Miller fighting with Leng.  To complete his part in the conspiracy, MILLER wrote and filed a crime and arrest report in which he falsely represented MAM "came up behind me and grabbed me, attempting to pull me off Leng."  MILLER also falsely wrote that while MILLER "was on top of Leng, MAM came up from behind me and grabbed me around the neck in an attempt to strangle me"; that MILLER "pushed MAM away" and took "Leng in a carotid restraint when NGUYEN arrived"; that MAM "was grabbing me in my back again attempting to pull me off Leng" whereupon "NGUYEN grabbed MAM and pulled him off of me;" and "NGUYEN arrested MAM."  MILLER's report was written with the knowledge MAM had at no time touched MILLER or attempted in any manner to unlawfully assist Leng and that HAMPTON, not NGUYEN, arrested MAM.

Said crime reports was designed to mislead the Orange County District Attorney into filing criminal misdemeanor charges against the Plaintiff and became the moving force behind the filing of a four-count Complaint assigned Case No. 10 MN14330 on November 17, 2010.  Plaintiff was charged with allegedly violating Penal Code Sections 148, 241 and 243 in which Defendant MILLER was the alleged victim.

1 | Defendants KENTON HAMPTON, FRANK NGUYEN, JONATHAN W. MILLER,
2 | DANIEL SOLORIO, DOE REYNOSO and DOES 1-10, continued to willfully mislead
3 | the Orange County District Attorney into believing Plaintiff had committed these
4 | offenses and if called as witnesses, would provide the testimony to support the
5 | prosecution and conviction of the Plaintiff.  In furtherance of the conspiracy to deprive
6 | the Plaintiff of his constitutional rights, between June 30, 2011 and July 7, 2011,
7 | MILLER and NGUYEN gave knowingly false sworn testimony claiming they witnessed
8 | the Plaintiff commit the manufactured offenses and denied HAMPTON had anything to
9 | do with MAM.  Defendants' corruption was exposed by the introduction of MAM's
10 | video recording and on July 7, 2011, Plaintiff was found not guilty of all charges.
11 |         Defendant SELLERS and Orange County District Attorney Reed was made
12 | aware of Plaintiff's unlawful arrest prior to the commencement of MAM's trial by TIM's
13 | and MAM's video recording having been given to Reed but SELLERS willfully failed
14 | and refused to discipline, prosecute or otherwise hold any of his subordinates accountable
15 | for the felonies they committed against MAM in violation of California law.
16 | Notwithstanding CITY OF FULLERTON's and SELLERS knowledge that Defendants,
17 | and particularly HAMPTON, had on numerous other prior and subsequent occasions
18 | falsely accused others of crimes against themselves or other police officers, assaulted and
19 | battered third parties and engaged in repeated acts of dishonesty and violence, no officer
20 | involved in the gross misconduct has ever been held responsible for the criminal
21 | wrongdoing by Defendants recited above as of the date of this complaint nor has any
22 | police department employee who participated in the conspiracy to falsely arrest and
23 | prosecute Plaintiff has been disciplined, prosecuted or otherwise made to be accountable
24 | for their unlawful conduct.

# FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS - EXCESSIVE FORCE, FALSE ARREST, MALICIOUS PROSECUTION AND CONSPIRACY - 42 U.S.C. § 1983)

(By Plaintiff Against All Individual Defendants)

7. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 6 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

8. This action at law for money damages arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

9. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants KENTON HAMPTON, FRANK NGUYEN, JONATHAN W. MILLER, DANIEL SOLORIO, DOE REYNOSO, DOES 1-10 and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unreasonable force, unlawful arrest, groundless criminal prosecution and a cover-up conspiracy.

10. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict Plaintiff on false charges manufactured and supported by Defendants.

11. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous system, fear, anxiety, torment, degradation and emotional distress.

12. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

13. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to his damage in an amount as proved.

14. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

15. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION
### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
(By Plaintiff Against Defendants CITY & SELLERS individually)

16. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 15 of this complaint, and by this reference incorporates the same herein and make each a part hereof.

17. Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Fullerton Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

18. At all times herein mentioned, Defendants, and each of them, were employees acting under the CITY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their brutality, dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the CITY.

19. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by CITY, FPD and SELLERS.

20. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY, FPD and SELLERS include, but are not limited to:

(1) Defendants CITY and SELLERS had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees. Specifically, CITY and SELLERS knew Defendants had in the past committed acts of police abuse, dishonesty and prevarication;

(2) Defendants CITY and SELLERS had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendants CITY and SELLERS refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(4) Defendants CITY and SELLERS refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Fullerton Police Department officers;

(5) Defendants CITY and SELLERS reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6) Defendants CITY and SELLERS covered up acts of misconduct and abuse by Fullerton Police Department officers and sanctioned a code of silence by and among officers;

(7) Defendants CITY and SELLERS rewarded officers who displayed aggressive and abusive behavior towards detainees and arrestees;

(8) Defendants CITY and SELLERS failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9) Defendant CITY and SELLERS failed to adequately supervise the actions of officers under their control and guidance;

(10) Defendants CITY and SELLERS condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the CITY of FULLERTON, FPD and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(11) Defendants CITY and SELLERS condone and encourage a conspiracy of silence among their employees for the purpose of concealing and furthering wrongful and illegal conduct by their employees;

(12) Defendants CITY, FPD and SELLERS engaged in the practice and custom of withholding from criminal defendants, judges and prosecutors, known Brady evidence unfavorable to their officers in violation of law and the Constitution.

(13) Defendants CITY, FPD and SELLERS fostered and encouraged an atmosphere of lawlessness, abuse and unconstitutional misconduct, which by October

2010 and thereafter, represented the unconstitutional policies, practices and customs of the CITY.

21. By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

## THIRD CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1985 (2))
(By Plaintiff Against All Individual Defendants)

22. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 21 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

23. Commencing on October 23, 2010 and thereafter, Defendants and two or more of them, in the State of California, County of Orange, by reason of Defendants' animus against minorities, including Asian Americans and Cambodians of which class Plaintiff belongs, invidiously discriminated and conspired together to act and to fail to act as hereinbefore alleged, for the purpose of impeding, hindering, obstructing, and defeating the due course of justice in the State of California and County of Orange.

24. Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiff equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

25. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1985 (2).

26. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF 42 § 1985 (3))
(By Plaintiff Against All Individual Defendants)

27. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 26 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

28. By virtue of the foregoing, Defendants and two or more of them, conspired for the purpose of depriving Plaintiff of (a) equal protection of the law; and (b) equal protection and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff equal protection of the law an deprivation of liberty and property without due process of law.

29. Defendants, and each of them, did and caused to be done, an act or acts in furtherance of the object of the conspiracy, whereby Plaintiff was deprived of the rights and privileges as set forth above.

30. As a direct proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1986)
(By Plaintiff Against All Individual Defendants)

31. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 30 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

32. Commencing on October 23, 2010, Defendants, and each of them knew and understood Plaintiff was being subjected to a deprivation of his constitutional rights and

were in the position and had the duty and authority to intervene to prevent the wrongdoing committed against Plaintiff by Defendants.

33. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C. § 1986.

34. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY) and attorney's fees.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

Dated: August 19, 2011                    **MARDIROSSIAN & ASSOCIATES, INC.**

By: _____
Garo Mardirossian, Esq.
Armen Akaragian, Esq.
Lawrence D. Marks, Esq.
Attorneys for Plaintiff

## PLAINTIFF'S JURY DEMAND

Plaintiff hereby demands trial by jury.

Dated: August 19, 2011

MARDIROSSIAN & ASSOCIATES, INC.

By: _____
Garo Mardirossian, Esq.
Armen Akaragian, Esq.
Lawrence D. Marks, Esq.
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

```
SACV11- 1242 JST (MLGx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| VETH MAM <br><br> *Plaintiff* <br><br> v. <br><br> CITY OF FULLERTON, (See Attachment) <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. SACV11-1242-JST(MLGx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CITY OF FULLERTON, 303 West Commonwealth, Fullerton, CA  92832

MICHAEL SELLERS, KENTON HAMPTON #1337, FRANK NGUYEN #1307, JONATHAN W. MILLER #1350, DANIEL SOLORIO #1086, DOE REYNOSO #UNKNOWN, 237 West Commonwealth, Fullerton, CA  92832

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Garo Mardirossian, Esq., MARDIROSSIAN & ASSOCIATES, INC.
6311 Wilshire Boulevard, Los Angeles, CA  90048-5001

Thomas E. Beck, Esq., THE BECK LAW FIRM
10377 Los Alamitos Boulevard, Los Alamitos, CA  90720

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  AUG 19 2011

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

MICHAEL SELLERS, Chief of Police individually and as a peace officer, KENTON HAMPTON #1337, individually and as a peace officer, FRANK NGUYEN #1307, individually and as a peace officer, JONATHAN W. MILLER #1350, individually and as a peace officer, DANIEL SOLORIO #1086, DOE REYNOSO #UNKNOWN, DOES 1-10,

                          Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

VETH MAM

**DEFENDANTS**

CITY OF FULLERTON, (See Attachment)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Garo Mardirossian, Esq., MARDIROSSIAN & ASSOCIATES, INC., 6311 Wilshire Boulevard, Los Angeles, CA 90048-5001, (323) 653-6311

Thomas E. Beck, Esq., THE BECK LAW FIRM, 10377 Los Alamitos Boulevard, Los Alamitos, CA 90720, (562) 795-5835

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Civil Rights (42 U.S.C. § 1983); Monell Claim (42 U.S.C. § 1983), Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2), etc.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | **IMMIGRATION** | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | ☒ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:** Case Number: SACV11-1242

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown, incident took place in Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/_   Date August 19, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

MICHAEL SELLERS, Chief of Police individually and as a peace officer, KENTON HAMPTON #1337, individually and as a peace officer, FRANK NGUYEN #1307, individually and as a peace officer, JONATHAN W. MILLER #1350, individually and as a peace officer, DANIEL SOLORIO #1086, DOE REYNOSO #UNKNOWN, DOES 1-10,

                                        Defendants.