O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Veth Mam,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>City of Fullerton, et al.<br><br>　　　　Defendants. | CASE NO. SACV 11-1242-JST (MLGx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS (Docs. 7, 9), AND DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT (Doc. 9)** |

Before the Court are (1) a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e), filed by Defendants City of Fullerton (the "City"), Fullerton Police Chief Michael Sellers ("Sellers"), and Fullerton Police Officers Frank Nguyen ("Nguyen"), Jonathan W. Miller ("Miller"), Daniel Solorio ("Solorio"), and Ricardo Reynoso ("Reynoso") (Doc. 9); and (2) a Motion to Dismiss filed by Defendant Kenton Hampton ("Hampton") (Doc. 7). Having reviewed the parties' papers and taken the matters under submission, the Court GRANTS IN PART, and DENIES IN PART Defendants' Motions to Dismiss. The Court also DENIES Defendants' motion for a more definite statement.

**BACKGROUND**

On August 19, 2011, Plaintiff Veth Mam ("Plaintiff") filed a Complaint asserting five claims against some or all of the above-enumerated Defendants: (1) a claim under 42 U.S.C. § 1983 against Chief Sellers, and Officers Hampton, Nguyen, Miller, Solorio, and Reynoso (collectively, the "Officer Defendants") for violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights; (2) a § 1983 claim against the City and Sellers for unlawful custom and practices in violation of Plaintiff's First, Fourth, and Fourteenth Amendment rights; (3) a § 1985(2) claim against Chief Sellers and the Officer Defendants for conspiracy to obstruct justice with the intent to deny Plaintiff the equal protection of the laws on the basis of race discrimination; (4) a § 1985(3) claim against Chief Sellers and the Officer Defendants for conspiracy to deprive Plaintiff of equal protection of the laws and to prevent or hinder the authorities from giving Plaintiff equal protection of the laws on the basis of race discrimination; and (5) a § 1986 claim against Chief Sellers and the Officer Defendants for neglecting or refusing to prevent violations of § 1985. (Compl., Doc. 1.)

There is a common factual basis for all of Plaintiff's claims. Plaintiff alleges that on October 23, 2010, at approximately 2:00 a.m., he witnessed Miller assaulting Sohka Leng ("Leng"), and began to record the incident with a video recorder. (Compl. ¶ 6.) Hampton observed Plaintiff filming the incident and attacked Plaintiff, knocking the video recorder out of Plaintiff's hands to prevent him from capturing video evidence adverse to Officer Miller. (*Id.*) Hampton seized and arrested Plaintiff. (*Id.*) Thereafter, Nguyen, Solorio, and Reynoso arrived on the scene, and Plaintiff was transported to the Fullerton Police Department without his consent and without having committed any criminal offense. (*Id.*)

Plaintiff further alleges that, following the October 23, 2010 incident, the Officer Defendants conspired to write and file false arrest reports to shield Hampton's assault of Plaintiff and to justify Plaintiff's arrest. (*Id.*) Specifically, Plaintiff asserts that Hampton filed a police report omitting the fact that he used physical force against Plaintiff. (*Id.*) Miller filed a report falsely asserting that Plaintiff grabbed Miller around the neck to attempt to free Leng, and, thereafter, Nguyen arrived on the scene, removed Plaintiff from Miller's back and placed Plaintiff under arrest. (*Id.*) Nguyen filed a report in which he falsely claimed that he arrived on the scene to assist Miller, observed Plaintiff assaulting Miller, and defended Miller by pulling Plaintiff away. (*Id.*) Nguyen also omitted any mention of Hampton's assault of Plaintiff. (*Id.*) And, Solorio authored a report falsely asserting that he witnessed Nguyen and Reynoso take Plaintiff into custody for attacking Miller. (*Id.*)

Plaintiff asserts that each of the above-enumerated reports was designed to mislead the Orange County District Attorney into filing criminal charges against Plaintiff, and became the impetus for the filing of a four-count criminal complaint against Plaintiff on November 17, 2010. (*Id.*) The complaint charged Plaintiff with resisting arrest, assault, and battery on a police officer, naming Miller as the alleged victim. (*Id.*) Plaintiff was tried and acquitted of each charged offense due to the admission of the video recording

3

taken by Plaintiff and completed by a third-party observer at the time of the incident, which showed: (1) Miller abusing Leng and attacking Plaintiff, (2) Hampton's seizure of Plaintiff, and (3) the arrival of Reynoso, Solorio, and Nguyen (the "Video"). (*Id.*)

Plaintiff alleges that, in advance of his acquittal, Miller and Nguyen gave knowingly false sworn testimony between June 30, 2011 and July 7, 2011, claiming that they witnessed Plaintiff commit the offenses for which he was charged and asserting that Hampton had no involvement with Plaintiff. (*Id.*) Sellers and the Orange County District Attorney were made aware of Plaintiff's unlawful arrest prior to trial when the Video was given to the District Attorney. (*Id.*) Sellers, however, "refused to discipline, prosecute or otherwise hold any of his subordinates accountable for the felonies they committed against Mam in violation of California law." (*Id.*)

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

4

defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting *Twombly*, 550 U.S. at 555).

**DISCUSSION**

In their Motions, Defendants seek to dismiss certain of Plaintiff's claims brought under § 1983, as well as his claims under § 1985 and § 1986. Specifically, Nguyen, Miller, Solorio, and Reynoso seek to dismiss Plaintiff's First Claim for relief under § 1983 as it pertains to false arrest and malicious prosecution. Hampton seeks to dismiss Plaintiff's First Claim for relief under § 1983 as it pertains to malicious prosecution and conspiracy. And Sellers seeks to dismiss Plaintiff's First Claim for relief under § 1983 in its entirety. Sellers and each of the Officer Defendants also seek to dismiss Plaintiff's claims brought under § 1985 and § 1986. The Court addresses each claim in turn.

**I.    PLAINTIFF'S FIRST CLAIM UNDER § 1983**

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

The Defendants concede, and the Court agrees, that they are state actors. Thus, resolution of Defendants' Motions turns on the second inquiry: whether Defendants' conduct deprived Plaintiff of a constitutional right. "A person deprives another of a constitutional right, within the meaning of [§] 1983, if he does an affirmative act,

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which the plaintiff complains." *Id.* at 633 (citation and internal quotation marks omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.*

### A. The Officer Defendants' Motions to Dismiss

#### 1. *False Arrest*

Nguyen, Miller, Solorio, and Reynoso seek to dismiss Plaintiff's § 1983 claims for false arrest in violation of the Fourth Amendment.

"A warrantless arrest of an individual in a public place for a crime committed in an officer's presence violates the Fourth Amendment if the arrest is not supported by probable cause." *Blankenhorn v. City of Orange*, 485 F.3d 463, 470-71 (9th Cir. 2007). "Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1131 (9th Cir. 2011) (quoting *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 966 (9th Cir. 2001) (internal quotation marks omitted).

Nguyen, Miller, Solorio, and Reynoso assert that dismissal of Plaintiff's false arrest claim is appropriate because Plaintiff failed to plead an absence of probable cause. The Court disagrees. Plaintiff alleged that he was arrested "without having committed any public offense and without consent." (Compl. ¶ 6.) Plaintiff also alleges that he "at no time touched Miller or attempted in any manner to unlawfully assist Leng . . . ." (*Id.*) While Plaintiff may not have used the specific phrase "lack of probable cause," the allegations set forth in the Complaint sufficiently allege that he was arrested under circumstances that would not lead a prudent person to believe he assaulted or battered Miller or resisted arrest—i.e., that he was arrested without probable cause.

1    Accordingly, Nguyen's, Miller's, Solorio's, and Reynoso's requests to dismiss
2 Plaintiff's § 1983 action premised upon false arrest is DENIED.

### 2. *Malicious Prosecution*

Each of the Officer Defendants moves to dismiss Plaintiff's First Claim for relief under § 1983 premised upon malicious prosecution.

"In general, a claim of malicious prosecution is not cognizable under § 1983 if process is available within the state judicial system to provide a remedy." *Lacey*, 649 F.3d at, 1133 (citing *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985)).  The Ninth Circuit has, however, "enunciated an important exception to this rule:  malicious prosecution constitutes a deprivation of liberty without due process of law—and is thus a federal constitutional tort—when it is 'conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights.'" *Id.* (quoting *Bretz*, 773 F.2d at 1031).  "To prevail on a malicious prosecution cause of action in a § 1983 suit, Plaintiff[] 'must show that Defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.'" *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

"Malicious prosecution actions are not limited to suits against prosecutors [and] may [also] be brought, as here, against other persons who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066.  Where, as here, a prosecutor has filed a criminal complaint, a rebuttable presumption arises that "the prosecutor . . . exercised independent judgment in determining that probable cause . . . existed, thereby breaking the chain of causation between an arrest and prosecution and immunizing investigating officers from damages suffered after the complaint was filed." *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008) (citation and internal quotation marks omitted).  The presumption is rebutted by showing that the independence of the prosecutor's judgment

1 has been compromised. *Id.* That may be accomplished by, among other things, showing
2 that the prosecutor was given false information or that the officers otherwise engaged in
3 "wrongful or bad faith conduct that was actively instrumental in causing the initiation of
4 legal proceedings," *Id*. at 862-63 (citation and internal quotation marks omitted), including
5 the fabrication of police reports, *see Blankenhorn*, 485 F.3d at 482; *Sloman v. Tadlock*, 21
6 F.3d 1462, 1474 (9th Cir. 1994).

7 The Officer Defendants assert that Plaintiff's § 1983 claim for malicious
8 prosecution should be dismissed because Plaintiff failed to allege a lack of probable cause
9 and failed to allege that the Officer Defendants prosecuted him with the specific intent to
10 violate Plaintiff's constitutional rights. The Court disagrees. First, as to probable cause,
11 Plaintiff has alleged facts that, if proven, could overcome the presumption of prosecutorial
12 independence, including that each Officer Defendant falsified police reports regarding the
13 incident and that Miller and Nguyen gave false testimony. Second, as to intent, the
14 allegations of the Complaint, when accepted as true and construed in the light most
15 favorable to the Plaintiff, establish, at a minimum, that Plaintiff alleges the Officer
16 Defendants prosecuted him with the intent to deprive him of his First Amendment rights
17 related to the Video and the reporting of the Officer Defendants' alleged constitutional
18 violations, and the intent to deny Plaintiff liberty without due process. *See Baker v.*
19 *Rodriguez*, No. SACV 11-138-JST (PJWx), 2012 WL 137461, at *3-4 (C.D. Cal. Jan. 17,
20 2012) ("The Court concludes that Plaintiff states a claim for the federal constitutional tort
21 of malicious prosecution, because he alleges facts which, if proven, could show that the
22 prosecution was conducted to deprive him of liberty without due process."); *Awabdy*, 368
23 F.3d at 1066-67 (plaintiff stated claim for malicious prosecution where he alleged that
24 defendants intended to deprive him of his right to free speech by unlawfully interfering
25 with his reelection campaign); *Bretz*, 773 F.2d at 1031 (recognizing malicious prosecution
26 claim where, "[i]f [plaintiff's] allegations are eventually shown to be true, there was a
27 conspiracy . . . aimed at depriving [plaintiff] of his liberty by distorting and corrupting the
28

processes of law"). Accordingly, the Officer Defendants' motions to dismiss are DENIED as to Plaintiff's malicious prosecution claim.

### 3. Conspiracy

Hampton seeks to dismiss Plaintiff's claim for conspiracy to violate his constitutional rights.

"To establish liability for a conspiracy in a § 1983 case, a plaintiff must demonstrate the existence of an agreement or meeting of the minds to violate constitutional rights." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (internal citations and quotation marks omitted). "Such an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." *Id*. However, the evidence adduced must demonstrate more than the mere fact that two people did or said the same thing; the evidence must actually point to an agreement. *See Myers v. City of Hermosa Beach*, No. 07-55932, 2008 WL 4831498, at *2 (9th Cir. Nov. 7, 2008) (citing *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Ting v. United States*, 927 F.2d 1504, 1512-13 (9th Cir. 1991)).

As to Hampton, Plaintiff alleges that, after observing Plaintiff recording the Video depicting Miller's conduct, Hampton assaulted Plaintiff, seized and arrested Plaintiff without probable cause, and filed a false police report omitting Hampton's assault and seeking to mislead the Orange County District Attorney into filing criminal misdemeanor charges against Plaintiff. (Compl. ¶ 6.) Plaintiff further alleges that these actions were taken as part of a conspiracy with the other Officer Defendants to "justify [Plaintiff's] arrest and . . . to shield Hampton's wrongful assault of [Plaintiff] . . . ." (*Id*.)

These allegations support the existence of a conspiracy between Hampton and the other Officer Defendants to violate Plaintiff's Fourth Amendment rights to be free of excessive force and unlawful arrest. While Plaintiff does not allege that the officers overtly agreed to violate his constitutional rights, his allegations that (1) Hampton assaulted Plaintiff and arrested him without probable cause, (2) Hampton and the other

1  Officer Defendants submitted false police reports to obscure Hampton's actions and justify
2  Plaintiff's arrest, and (3) Miller and Nguyen testified falsely in furtherance of the
3  conspiracy establish a "common objective."  *See United Steelworkers of Am. v. Phelps*
4  *Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989).  Thus, Plaintiff states a claim for
5  conspiracy against Hampton, and Hampton's Motion is DENIED as to conspiracy.

### B. <u>Sellers</u>

There is no respondeat superior liability under § 1983.  *Iqbal*, 129 S. Ct. at 1948. Therefore, to state a claim against Sellers, Plaintiff must allege facts establishing that Sellers personally violated his civil rights.  The Ninth Circuit has held that supervisors, such as Sellers, "can be held liable for:  [1] their own culpable action or inaction in the training, supervision, or control of subordinates; [2] their acquiescence in the constitutional deprivation of which a complaint is made; or [3] for conduct that showed a reckless or callous indifference to the rights of others."  *Edgerly v. City & Cnty. of S.F.*, 599 F.3d 946, (9th Cir. 2010) (quoting *Cunningham v. Gates*, 229 F. 3d 1271, 1292 (9th Cir. 2000)).  The only allegation against Sellers in support of Plaintiff's First Claim for violation of his civil rights through excessive force, false arrest, malicious prosecution, and conspiracy, is his contention that Sellers, at some unspecified point in time, became aware of the Video and subsequently "failed and refused to discipline, prosecute or otherwise hold any of his subordinates accountable for the felonies they committed against [Plaintiff] under California law."  (Compl. ¶ 6.)  Plaintiff does not articulate any basis upon which Sellers' conduct contributed to the Officer Defendants' alleged violation of Plaintiff's constitutional rights.  To the extent Plaintiff is asserting that Sellers failed to train and/or supervise the Officer Defendants, his First Claim is duplicative of his Second Claim. Accordingly, Plaintiff's First Claim is DISMISSED without prejudice as to Sellers.

## II. § 1985 AND § 1986 CLAIMS

Plaintiff's Third and Fourth Claims are brought against Sellers and the Officer Defendants under the second clause of § 1985(2) and the first clause of § 1985(3), respectively. Each provision is "limited to cases alleging some racial or class-based invidious discrimination." *Bretz*, 773 F.2d at 1028, 1029-30. "To establish racial or class-based animus, a plaintiff must show invidiously discriminatory motivation behind the conspirators' action," *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987), which requires a plaintiff to plead "overt acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus," *Evans v. McKay*, 869 F.2d 1341, 1345 (9th Cir. 1989).

Here, Plaintiff has pled only the conclusory allegation that Defendants harbored "animus against minorities, including Asian Americans and Cambodians of which class Plaintiff belongs" (Compl. ¶ 23), without alleging any facts that support the conclusion that any Defendants were motivated by such invidious class-based animus. Therefore, Plaintiff has failed to sufficiently plead claims under § 1985(2) and § 1985(3). *See A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (affirming dismissal of claims under §§ 1985(2), (3), where plaintiff failed to allege facts showing invidiousness). Accordingly, the motions to dismiss filed by Sellers, Hampton, Nguyen, Miller, Solorio, and Reynoso are GRANTED without prejudice as to Plaintiff's Third Claim for relief under § 1985(2) and Fourth Claim for relief under § 1985(3). Because a necessary predicate to a claim under § 1986 is a viable claim under § 1985, *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985), their motions are also GRANTED without prejudice as to Plaintiff's Fifth Claim for relief under § 1986.

## III. Conclusion

For the foregoing reasons, Defendants' Motions are DENIED IN PART and GRANTED IN PART as follows:

I. Plaintiff's First Claim for relief under § 1983 is DISMISSED without prejudice as to Chief Sellers.

II. Plaintiff's Third Claim for relief under § 1985(2) is DISMISSED without prejudice as to Chief Sellers and the Officer Defendants.

III. Plaintiff's Fourth Claim for relief under § 1985(3) is DISMISSED without prejudice as to Chief Sellers and the Officer Defendants.

IV. Plaintiff's Fifth Claim for relief under § 1986 is DISMISSED without prejudice as to Chief Sellers and the Officer Defendants.

In all other respects, Defendants' Motions are DENIED. Plaintiff may file an amended complaint consistent with this Order no later than **March 5, 2012**.

DATED: February 13, 2012

_____
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE